**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4641**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

JOHN T. MILLNER,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, Chief District Judge.  (2:07-cr-00014-jpj-pms-1)

_____

Submitted:  April 20, 2009         Decided:  May 8, 2009

_____

Before MOTZ, KING, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Larry W. Shelton, Federal Public Defender, Joel C. Hoppe, Assistant Federal Public Defender, Charlottesville, Virginia, for Appellant. Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John T. Millner pleaded guilty to assault with intent to commit murder, in violation of 18 U.S.C. § 113(a)(1) (2006), assault with a dangerous weapon with intent to do bodily harm without just cause or excuse, in violation of 18 U.S.C. § 113(a)(3) (2006), assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6) (2006), and possession of prohibited objects intended to be used as weapons, in violation of 18 U.S.C. § 1791(a)(2), (d)(1)(B) (2006). Millner was sentenced to a total of 300 months' imprisonment. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising four issues but stating that there are no meritorious issues for appeal. Millner was advised of his right to file a pro se supplemental brief but did not do so. We affirm.

In the Anders brief, counsel questions whether Millner's guilty plea was knowing and voluntary. Our review of the transcript of the hearing pursuant to Fed. R. Crim. P. 11 discloses substantial compliance with that Rule. Although not raised by counsel, we note that the district court failed to inform Millner of the specific term of supervised release to which he was subject, as required by Fed. R. Crim. P. 11(b)(1)(H). We find that this omission did not affect Millner's substantial rights. See United States v. Martinez,

2

277 F.3d 517, 525 (4th Cir. 2002) (providing standard of review).  Finally, the district court ensured that Millner's plea was knowing and voluntary and supported by a sufficient factual basis.  See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Next, counsel questions whether the district court erred in denying Millner's motion to suppress a statement made to a prison official.  However, Millner's voluntary plea of guilty waived his right to challenge antecedent, nonjurisdictional errors.  See Menna v. New York, 423 U.S. 61, 62-63 (1975); Tollett v. Henderson, 411 U.S. 258, 267 (1973).

In addition, counsel questions whether the failure of the institution in which Millner was housed to provide him with redacted copies of discovery materials prejudiced Millner.  We conclude Millner was not prejudiced.  At the Rule 11 hearing, Millner averred that he had been provided a sufficient opportunity to review his case with counsel.  Millner's sworn statements at the Rule 11 hearing are presumed to be true.  See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

Finally, counsel questions whether the sentence in this case was procedurally and substantively reasonable.  In reviewing a sentence imposed by the district court, an appellate court "first examines the sentence for significant procedural errors," including "'failing to calculate (or improperly

3

calculating) the [g]uidelines range, treating the [g]uidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . .'" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall v. United States, 128 S. Ct. 586, 597 (2007)). If there are no procedural errors, the appellate court then considers the substantive reasonableness of the sentence. Gall, 128 S. Ct. at 597. "Substantive reasonableness review entails taking into account the 'totality of the circumstances, including the extent of any variance from the [g]uidelines range.'" Pauley, 511 F.3d at 473 (quoting Gall, 128 S. Ct. at 597). "If the sentence is within the [g]uidelines range, . . . an appellate court[] may . . . presume that the sentence is reasonable." Id.

We have reviewed the record and find that the district court committed no procedural errors in calculating Millner's sentence. In addition, because Millner's sentence was within the advisory guidelines range, this court presumes it to be reasonable. Therefore, we find no error in the imposition of Millner's sentence.

We have examined the entire record in this case in accordance with the requirements of Anders and have found no meritorious issues for appeal. We therefore affirm the

4

judgment.  This court requires that counsel inform Millner, in writing, of the right to petition the Supreme Court of the United States for further review.  If Millner requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Millner.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED